UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:19-CR-33-REW-HAI-4 |
| v. ) | |
| ) | ORDER |
| DENNIS C. SHUMAKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Dennis C. Shumaker's final revocation hearing on alleged violations of the conditions of supervised release. *See* DE 201 (Minute Entry); DE 202 (Recommended Disposition). Shumaker was originally sentenced to 60 months imprisonment, to be followed by 5 years of supervised release for conspiracy to distribute 50 grams or more of meth and 40 grams or more of a fentanyl mixture. *See* DE 171 (Judgment). Shumaker began his supervised release term on August 2, 2022. *See* DE 202 at 1.

On November 16, 2023, USPO issued a violation report. The report charged Shumaker with violating the condition that prohibits committing another federal, state, or local crime. The violation related to new state charges for: (1) Trafficking in a Controlled Substance-1st Offense-Fentanyl; (2) Trafficking in Controlled Substance-1st Offense-Less Than 2 Grams of Methamphetamine; and (3) Drug Paraphernalia-Buy/Possess. *See* DE 202 at 1-2. Ultimately, Shumaker was not indicted by Kentucky. However, the violation led to the instant revocation proceedings.

1

At the final hearing, Shumaker, after being apprised of his rights, stipulated to the violation. *See* DE 201 at 1; DE 202 at 3. Shumaker specifically admitted guilt as to possessing fentanyl with the intent to distribute (though he claims he thought the substance was cocaine, Judge Ingram carefully scrutinized the record and determined that Shumaker had the required mental state for the Kentucky TICS 1st crime). While he admitted to possessing the meth, he insisted that the meth was for personal use. Judge Ingram recommended that the undersigned find Shumaker guilty of committing the alleged violation (specifically possessing fentanyl with the intent to sell), established by Shumaker's own admissions. *See* DE 202 at 3-4. The Magistrate Judge heard from the parties and (considering in part their agreement) recommended a 30-month term. The term would be followed by 36 months of supervised release. *See* DE 202 at 8

Judge Ingram advised Shumaker of his right to object to the recommendation. *See id.* at 9. The prescribed fourteen-day objection period has passed without any objection from Defendant Shumaker or the United States. Shumaker also filed a waiver of his right of allocution. *See* DE 203 (Waiver).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (brackets removed) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram accounted for all considerations in the record in a fitting and proper way. The Court does not disturb his analysis or judgment, which rightly accounted for the revocation history, Shumaker's state of mind (regarding the death of his wife), and the underlying offense and judgment. Judge Ingram showed apt concern for all § 3553 factors incorporated, such as the nature and circumstances of Shumaker's conviction, Shumaker's history and characteristics, and repetition of meth and fentanyl-related misconduct. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's treatment, **ORDERS** as follows to reflect the violation and parsimoniously serve the protective, deterrent, and treatment demands shown:

1. The Court **ADOPTS** DE 202 and **ADJUDGES** Defendant Shumaker guilty of the enumerated violation;

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Shumaker to 30 months' imprisonment, with 36 months of supervised release to follow on the same conditions previously imposed. Defendant Shumaker should be evaluated for substance abuse treatment upon release, with access to treatment as indicated.

A judgment will follow.

This the 7th day of June, 2024.

Signed By:
*Robert E. Wier*
United States District Judge